Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6915 | **DATE** | 9-5-2012 |
| **CASE TITLE** | Perry Ward (#2011-1114051) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is directed to notify the court whether he wishes to (a) join pending class action *Smentek v. Sheriff of Cook County*, Case No. 09 C 0529 (N.D. Ill.), or (b) "opt out" of *Smentek* and pursue a separate and independent lawsuit. To the extent the plaintiff wishes to pursue separate litigation, he must submit an amended complaint, and the full statutory filing fee, as he has struck out pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to forward to the plaintiff an amended complaint form and instructions. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case, without prejudice to filing a claim in *Smentek*.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

The plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, unidentified dental workers at the Jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his dental needs. More specifically, the plaintiff alleges that he the wrong tooth was pulled on or about April 30, 2012.

Initially, the Court notes that the plaintiff has struck out pursuant to 28 U.S.C. § 1915(g). The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of the plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Ward v. Davenport, et al.*, Case No. 3:00 CV 0327 (S.D. Ill.) (February 20, 2002) (Reagan, J.); *Ward v. Perez, et al.*, Case No. 06 C 6616, (N.D. Ill.) (December 14, 2006) (Coar, J.); and *Ward v. Dart, et al.*, Case No. 07 C 0211 (N.D. Ill.) (February 28, 2007) (Coar, J.). Plaintiff was notified that he had struck out in *Ward v. Dart, et al.*, App. No. 07 C 1731 (N.D. Ill.) (April 9, 2007) (Coar, J). Plaintiff has filed at least five additional suits on which he was issued a "strike".

To the extent that the plaintiff's claim is in regard to the tooth he alleges was pulled on or about April 30, 2012, he cannot establish imminent danger of serious physical injury. Consequently, he would not be able to proceed *in forma pauperis*. To the extent the plaintiff's claim is in regard to the tooth that he alleges should have been pulled and requires treatment, he faces a different problem.

**(CONTINUED)**

     AWL

| STATEMENT (continued) |
|---|

The plaintiff's claim regarding the tooth that should have been pulled appears to fall under the umbrella of a class action lawsuit currently pending before Judge Lefkow of this district. *See Smentek v. Sheriff of Cook County, et al.*, Case No. 09 C 0529 (N.D. Ill.). In *Smentek*, the court certified the following class: "all inmates housed at Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." *See* Opinion and Order of November 18, 2010 (Lefkow, J.). The plaintiff cannot proceed both as a class member and as a separate litigant.

It appears that notice to inmates has been approved, *see* Minute Entry of January 10, 2012, and that inmates who entered the Cook County Jail on or after January 1, 2007, have been given formal notice of the class action and the opportunity to "opt in" or "opt out." *See Thorogood v. Sears, Roebuck and Co.*, 678 F.3d 546, 552 (7th Cir. 2012) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)) (class members must be given the chance either to join the class action or to proceed with their own, independent lawsuit). In fact, several inmates have already filed the "Opt Out Forms" approved in *Smentek*. *See* document nos. 110-112. Unless the plaintiff elects to "opt out" of the *Smentek* class action, he will be bound by the terms of any settlement agreement reached in that case and will not be able to litigate the matter separately. *See, e.g., Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 821 (7th Cir. 2011); *Nagel v. ADM Investor Services, Inc.*, 217 F.3d 436, 442 (7th Cir. 2000).

On the other hand, if the plaintiff chooses to "opt out" and pursue his own, separate lawsuit, he will be required to pay the full statutory filing fee and will not be entitled to recover any award that may be recovered in *Smentek*. This matter will also be stayed pending final disposition of the *Smentek* class action. The plaintiff may therefore wish to contact class counsel in the *Smentek* case, Kenneth N Flaxman / Kenneth N. Flaxman, P.C. / 200 South Michigan Avenue, Suite 1240 / Chicago, Illinois 60604-6107 for advice as to how best to proceed.

In sum, the plaintiff is directed to notify the court whether he wishes to (a) join pending class action *Smentek v. Sheriff of Cook County*, Case No. 09 C 0529 (N.D. Ill.), or (b) "opt out" of *Smentek* and pursue a separate and independent lawsuit. If the plaintiff chooses the latter course, he should include a copy of the "Opt Out form" he must file in *Smentek*, and he must file an amended complaint making clear that his claim is regarding the wrong tooth being pulled on or about April 30, 2012. As the latter course involves a claim that is completed, there is no imminent danger of serious physical harm, and the plaintiff must pay the full statutory filing fee because he previously struck out pursuant to 28 U.S.C. § 1915(g). Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case, without prejudice to filing a claim in *Smentek*. The Court will defer ruling on the plaintiff's motion for leave to proceed *in forma pauperis* pending clarification as to whether he intends to proceed with this separate lawsuit. The Clerk is directed to forward the plaintiff an amended complaint form and instructions.